116 F.3d 1488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J.R. WILKERSON, Plaintiff-Appellant,
v.
James GOMEZ, Director, Department of Corrections, Defendant-Appellee.
 No. 96-17321.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
June 19, 1997.
 
 Appeal from the United States District Court for the Northern District of California, D.C. No. CV-95-01439-SI; Susan Illston, District Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 J.R. Wilkerson, a California state prisoner, appeals pro se the district court's summary judgment in favor of the defendant on Wilkerson's claim that prison regulations banning sexually-explicit and obscene materials violate his First Amendment rights.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam) and we affirm.
 
 
 3
 After a de novo review of the record, we conclude that Wilkerson failed to establish that the prison regulation did not serve a legitimate penological purpose. See Harper v. Wallingford, 877 F.2d 728, 733 (9th Cir.1989). Because the defendant provided evidence of a legitimate penological interest, Wilkerson's contention that the regulation is invalid because the prison may only ban material that has been "judicially declared obscene" lacks merit. Cf. Pepperling v. Crist, 678 F.2d 787, 790 (9th Cir.1982). Wilkerson failed to raise a genuine issue of material fact that the materials confiscated were not sexually explicit or obscene according to the definitions in the prison regulation. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 4
 Accordingly, the district court did not err by granting summary judgment to the defendant on the First Amendment claim. See Barnett, 31 F.3d at 816.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. his equal protection claim or the summary judgment of his due process claim
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wilkerson does not appeal the district court's dismissal of his equal protection claim or the summary judgment of his due process claim
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal